**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JUNE G. MAXAM,**

                **Plaintiff,**
      v.                                        1:06-CV-1012
                                                    (GLS/RFT)

**WARREN COUNTY; LARRY J.**
**CLEVELAND, Sheriff; ROBERT A.**
**BREEN, Officer; JOSEPH EULAND,**
**Officer; MONTE McNEILL, Officer;**
**WILLIAM GIRARD, Officer; TIMOTHY**
**GUY, Officer; WILLIAM VANNESS,**
**Officer; GARY C. HOBBS, Special**
**District Attorney; TOWN OF CHESTER;**
**JAMES McDERMOTT, Chester Town**
**Justice; TOWN OF QUEENSBURY and**
**MICHAEL MULLER, Town Justice,**

                **Defendants.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**

June G. Maxam
Plaintiff, Pro Se
Box 408
7 Foster Flats Road
Chestertown, New York 12817

**FOR THE DEFENDANTS:**

(*Warren County, Larry J.*
*Cleveland, Robert A. Breen,*

| | |
|---|---|
| *Joseph Euland, Monte McNeill, William Girard, Timothy Guy, and William Vanness*) | |
| RYAN, SMALLACOMBE LAW FIRM<br>100 State Street<br>Suite 800<br>Albany, New York 12207 | CLAUDIA A. RYAN, ESQ. |
| (*Gary C. Hobbs*)<br>POKLEMBA, HOBBS LAW FIRM<br>358 Broadway<br>Suite 307<br>Saratoga Springs, New York 12866 | JOHN J. POKLEMBA, ESQ. |
| (*Town of Chester and James McDermott*)<br>MILLER, MANNIX LAW FIRM<br>451 Glen Street<br>P.O. Box 765<br>Glens Falls, New York 12801 | CATHI L. RADNER, ESQ. |
| (*Town of Queensbury and Michael Muller*)<br>FITZGERALD, MORRIS LAW FIRM<br>One Broad Street Plaza<br>Glens Falls, New York 12801 | WILLIAM A. SCOTT, ESQ.<br>JOHN D. ASPLAND, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## ORDER

*Pro se* plaintiff June Maxam has filed a complaint alleging numerous

violations of her constitutional rights by several defendants in Warren County.  *See Dkt. No. 1*; *see also* 42 U.S.C. § 1983.  Pending are defendants' four motions to dismiss.  *See Dkt. Nos. 13, 27, 30, 42.*  At this juncture, Maxam has only responded to Hobb's motion.  *See Dkt. Nos. 13, 34.*  Despite the passage of the due dates, she has failed to file responses to the other pending motions.[1]  On May 15, 2007, Maxam requested permission to withdraw her complaint without prejudice.  *See Dkt. No. 48.*  In addition, she requested permission to refile her complaint if she finds attorney representation.  *See id.*[2]

    Rule 41 of the Federal Rules of Civil Procedure provides the following two ways in which a plaintiff's action may be dismissed: (1) "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment..." or (2) "by filing a stipulation of dismissal signed by all parties[.]"  FED. R. CIV. P. 41(a)(1).  Moreover, "[e]xcept as provided in paragraph (1)...an action shall not be dismissed at

---

[1] Maxam already received an extension of time to respond to the motions filed by defendants, Warren County and the Town of Queensbury.  *See Dkt. No. 41.*  In addition, she failed to respond to the motion by the Town of Chester.  On May 2, the court granted Maxam an additional 14 days to respond to these motions.  *See Dkt. No. 47.*  To date, the court has not received responses to these motions.

[2] The court notes that the Town of Queensbury and the Town of Chester defendants filed objections to Maxam's request.  *See Dkt. Nos. 49, 50.*

3

the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2).

Here, while it may be true that Maxam's complaint is subject to dismissal for the reasons articulated in defendants' motions, *see Dkt. Nos. 13, 27, 30, 42*, the court is also mindful of the Second Circuit mandate to construe *pro se* papers as broadly as possible, and provide the *pro se* litigant an opportunity to amend before granting a motion to dismiss. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). As such, acting within its discretion under Rule 41(a)(2), the court dismisses Maxam's complaint without prejudice. If she chooses to refile, defendants are permitted to resubmit their original motions in the same form, *see Dkt. Nos. 13, 27, 30, 42,* as well as further supplement their papers if they so choose. Accordingly, Maxam's complaint is dismissed in its entirety without prejudice.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Maxam's complaint (**Dkt. No. 1**) is **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE**; and it is further

**ORDERED** that if Maxam chooses to refile her complaint (**Dkt. No. 1**), defendants may refile their original motions to dismiss in their current

form (**Dkt. Nos. 13, 27, 30, 42**) and/or supplement their papers if they so choose; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

May 16, 2007
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge